David Rosenfeld on behalf of United Health Care Workers West, SEIU I'd like to reserve four minutes of rebuttal This case actually presents a fundamental problem of labor law and that is, when there's a collective bargain agreement in place can it waive rights of the National Labor Relations Act? Put another way, if there's a collective bargain agreement in place does the labor board have the power or must it have a collective bargain agreement to see how it affects those rights? In 1967, the Supreme Court resolved that issue to some extent by saying that the board has the power to consider the terms of a collective bargain agreement Our case here today, it's the Metropolitan Edison case that's really the most important and instructive because in that case, the union was arguing the opposite position Metropolitan Edison, you had a group of stewards who engaged in some conduct that was arguably in violation of the agreement by not working and the labor board took the position that that was protected concerted activity and looked to the terms of the collective bargain agreement and the union said, you can't look to the contract you can't look to see whether they were restricted by the contract from engaging in this conduct because it's a statutory right to engage in a strike activity or refusal to work and the Supreme Court said, no, the labor board has the right to look to the contract to see whether the union waived that statutory right so the union lost that position and that's been the rule since then but the Supreme Court in Metropolitan Edison said, if there's a waiver of a statutory right, it has to be clear and unmistakable so we've lived with that regime since then that the labor board has to look to a collective bargain agreement in most circumstances to determine whether the parties to that agreement can create rights or obligations or waive statutory protections or rights in this case the labor board takes the position that in giving an 8G notice it's wholly a matter of the statute and you never look to the contract and I think that's inconsistent with C&C Plywood, Metropolitan Edison and as I will point out in a minute, the city disposal case and all you have to do is look to two cases in this circuit relatively recently the local joint executive board case and the children's hospital cases because those involve section 85 rights, section 83 rights and in both cases the labor board did look to the terms of the collective bargain agreement they were forced to look to the terms of the collective bargain agreement or the parties to determine rights involved the local joint executive board from August of 2008 had the question of whether there was a waiver of the union's right to collect dues, whether the dues obligation continued dependent upon reading the contract the labor board had to look to it and all of this focuses in large there's just a perfect analogy here to this so I just sort of leap to where I'm headed in this and that is that in my view the board's rule that it will not look to the contract at least interpret it in some respect requires remand well what exactly is the provision of the contract that you think is controlling here it's the contract that says overtime is not mandatory and the way I look at it is fairly simple I will concede that as the law currently exists giving the notice cannot be waived I want to be clear but there are two separate things going on here if there's a concerted refusal to work if there's a strike the notice can't be waived by the parties and the way I get to that point is that under section 8d which is analogous the Supreme Court held long ago that you can't the parties themselves can't waive the notice requirements but what they can do is agree that there's been no concerted refusal to work or no strike let me explain the parties to this contract could have said we agree that if workers singly or together decide not to come in on overtime that's not a concerted refusal to work we think it's okay we have no problem with it and then the board would have to look to the contract and said in my view the contract parties here have agreed that if the workers together say we want to go fishing or go to a union meeting they can do that singly or together and that will be not considered a refusal to work in our view the contract says that it says overtime is not mandatory so the workers can just refuse or decline overtime for whatever reasons with the exception that the contract says in certain emergencies or if senior management determines there's an emergency then they can be required to work overtime now I can see that there's one uphill battle in this which is an irony and that is that I'm asserting that in effect the parties waived not the section 8G notice but agreed that the refusal or declination by workers to work overtime is not a concerted refusal to work because they agreed it's okay to do it they had no problem with it with the exception but I agree that if this goes back to the board the board may say to the union you have to prove a clear and undistinguishable waiver of that right this is the case where the shoe is on the other foot in a sense but unions like in the children's hospital case and in the local joint executive board case are always arguing rights can only be waived by clear and undistinguishable language I must say I read the language speaking for myself when I read the language voluntary that usually means on an individual basis and so therefore if workers are going to on a concerted basis decline to do work then they have to give the notice what's wrong with that? my response is twofold one, you may be right but that requires interpreting the contract and the board has to at least acknowledge in reaching that position it has to look to the contract and before I give the other reason you don't think that's kind of inherent in what the board is doing here all along? no, because in fact they expressly say in the footnote it's a matter and if you go back to the New York hospital case which they rely on the board says we're not considering the contract we won't look to it although in effect they do look to it because when you go back to that case which is sort of the precursor the board says the nurses' bargaining agreement with that hospital the board says the overtime system provided by the party's contract is clearly designed to assure that the required nursing functions are performed indeed for seven years the practice has been that nurses volunteered in such numbers the hospitals not had to assign overtime so you look to the practice under the contract and said the practice shows that it is voluntary but people have always complied so you don't need anymore and in this case that is this case before the court you've got the same thing going on where the judge as affirmed by the board looked to that New York case and said well there there was this practice same as here but Your Honor you've actually put yourself in it put this you've tossed this in the city disposal problem that's again a garbage case just like the last case where you had a worker who was asked to drive a truck he said it's unsafe and I think under the contract I don't have to drive it totally individual action but because he asserted his right not to drive that truck under the contract the Supreme Court held that was concerted activity didn't have to talk to anybody else didn't have to conspire with anyone didn't have to consult the union he simply had to have some reasonable belief that he was asserting a right under the contract so Your Honor the problem here is if one worker says to the hospital I don't want to work overtime the hospital says well can't you do it the union says they don't have to that's concerted activity and under the board's interpretation of 8G he can now be fired and under your question he can be fired because he's asserted concerted activity or the hospital goes to work and says we work overtime and the worker says you know three of us are going to go have a party and we check with the union and the union says okay because we all don't have to find somebody else that's concerted activity because they relied on the contract and they went to the union and the union said under the terms of the contract if the three of you don't want to work that's okay now I can see that if this goes back to the board I want to be clear about this and they apply the clear and unmistakable waiver language probably lose but I'm prepared to lose because then what it I'm not happy but I'm prepared in the sense that it's consistent with the obligation of the board not to wholly ignore in this context the right of the parties to negotiate because so what is the overarching legal principle here that you are that you are after the overarching legal principle is there one yes and that is that the part that the board has to in enforcing the statute allow the parties to negotiate or work out through a contract waivers of statutory rights and again I want to parse this because I want to be consistent with section 8D which is that remember section 8D is the provision just above it that says you can't modify or terminate an agreement without both giving a 60 day notice and a 30 day notice and the courts have said you can't waive the obligation to give the notice but what you can do is agree as to whether there's been a modification or not that's Bath Iron Works Bath Iron Works the employer modified the pension with no doubt there was a change but said we have a right to under the contract and the case then hinges not upon whether the notice is given because everybody agreed no notice was given but whether it was a modification and in those cases the board always looks to whether there's a modification they look to the contract here I say we concede no AG notice was given but whether this is a a concerted refusal to work under the party's contract is something that requires the board to at least look to the contract apply either the clear and unmistakable waiver doctrine or to apply the Bath Iron Works doctrine I don't want to mislead the court I don't like the Bath Iron Works doctrine because for most unions it's a bad doctrine but if you apply the Bath Iron Works doctrine we win because Bath says all the union has to have or the employer is an arguable sound basis to argue the contract means it's not a modification applying that here as long as the union has some arguable sound basis in the contract to say look we agree workers singly or together could agree not to work we win although if it went to an arbitrator your honor an arbitrator might rule against the union and say look union as you put it you agreed that people could refuse to work maybe in groups but you didn't agree the language can't be extended to you using it as a lever on some other issue I agree we could lose it there but the fundamental proposition is the board cannot say this is wholly a matter of statute and ignore potentially or actually what the parties have agreed to thank you thank you good morning your honors I'm Julie Broido representing the National Labor Relations Board and I'd like to allocate five minutes of my time to California Pacific Medical Center the intervener the union has thrown out a lot of red herrings into the sea of discourse this morning and I'd like to re-anchor the case because really the issue here is relatively limited this case involves section 8G of the act which requires a union before engaging in any picketing, strike or other concerted refusal to work to provide at least 10 days written notice to the institution and the FMCS the case is only about notice it's not about contractual rights or statutory rights and the purpose of section 8G as this court has recognized and as congress has made quite clear is really to give healthcare institutions the time they need to prepare for any potential disruption to services it's really to benefit third parties who are the patients who would be affected by an interruption in services so analogies to section 8D just don't work we're talking about a specific statutory provision which the board, I believe, reasonably analyzed as holding that the refusal to perform even voluntary overtime constitutes a concerted refusal to work the concert is with the union the entity that is required to provide the notice if one worker decides to go to his grandmother's funeral without a 10 day notice  for that kind of thing no, 8G doesn't kick in this 8G speaks to the obligation of the labor organization when there is a concerted refusal to work which there was here what if workers in small hospitals want to stay home and help somebody have a baby or do something like that no, that's not a thing but they belong to the union when did the NLRB say that one person could have a concert no, the board I believe the evidence here that this was a concerted action orchestrated by the union is unassailable there were petitions that the union circulated that employees signed saying by signing this petition we hereby authorize our shop stewards to call for one week of no overtime in this particular case may have been right as a matter of fact may have been a concerted act right but I got the impression that the NLRB was taking a position that anything a worker claimed he had a right to do under the contract was a concerted act no, not at all not at all that's, I believe you're referring to the union's argument about city disposal which has nothing to do with this case this case just involves the notice requirements under section 8G of the act which requires the labor organization to provide the notice when it is orchestrating a concerted refusal to work can I take it this is a special provision that applies only to hospitals that's right it's part of the 1974 amendments health care amendments to the NLRA it only, it was a compromise provision that brought these non-profit employees working for these non-profit institutions under the coverage of the act but the quid pro quo was that to ensure patient safety and welfare the labor organization was required to provide at least 10 days notice before engaging in any concerted refusal to work and as the union concedes that is not the notice provision requirement can't be waived it's a statutory requirement so we're talking about interpreting a very narrow and specific statutory provision that simply required the union to provide 10 days written notice which the union didn't even attempt to do here the shop steward orally told some of the hospital's representatives a few days in advance that there would be concerted refusal to perform overtime but it wasn't 10 days in advance and it wasn't in writing and he didn't even say when it would begin so the non-compliance with this very Do they have some kind of agenda hidden agenda to get the hospital to hire more standby people or more floaters or people who will fill in or well the purpose the union's purpose in orchestrating this one week of no overtime was to further its bargaining position because it believed that the hospital was changing its linen policies in a way that adversely affected the employees so that goes to the concerted nature of the union's plan to have employees refuse overtime for the week Does that answer your question? It was a dissent in this case That's right The dissent says that it's unreasonable to treat a refusal to perform voluntary overtime work as a concerted refusal to work under 8G and so the dissent is relying on the contractual provision that overtime work is voluntary Right The union here argues that the board itself just kind of ignored that provision and just relied exclusively on the statute so I guess I'd like to understand what your position is I mean just the ordinary meaning of the word refusal is to express an unwillingness to do an act I can refuse a gift I can refuse a marriage proposal that's a refusal and I think that is a reasonably defensible construction of Section 8G of the Act to which the board is entitled to deference under a Chevron 2 analysis Yes, but you can have a contractual provision that is contrary to that where the parties bargain Right and there's nothing in this holding here that precludes any employee from exercising his or her contractual right to refuse overtime All that the board's decision requires is that the union in this type of situation provide notice to the hospital so that the hospital can prepare for that contingency so that health care and patients won't be affected Well, I guess the argument is though that the government that the board didn't really come to grips with that argument Well, I I respectfully disagree, Your Honor I believe on page 4 of the board's decision this is actually the judge's the administrative law judge's decision which the board addressed the board, for example distinguished St. Barnabas Hospital which involved the different issue of whether a threat to perform voluntary work was protected activity under the act or an unprotected partial strike and the judge distinguished that case because that is a different issue as to whether whether employees could be discharged for engaging in concerted protected activity Is anybody discharged here? No, no one there was no discipline no discharge this case this case just purely and simply involves notice the union's failure to provide notice to the hospital so I I do believe that the board squarely addressed the the concerns of the dissent and distinguished this this case the notice requirement in this case from other situations where where there's a different issue such as whether the refusal to perform voluntary overtime constitutes protected concerted activity whether there's a contractual right to perform nothing in the board's decision here disturbs those contractual and statutory rights of individual employees the case is just simply notice so the board says the issue here is not whether the union had a contractual or statutory right to refuse to work overtime but rather whether the union was required to give the notice exactly exactly they could have the employees could have done exactly what they did here but the problem the reason that the union the employees didn't violate the act the reason the union violated the act is that the union didn't give the required 10 days notice and if the union didn't            union didn't give the required 10 days notice and the union didn't give the required 10 days notice and the union didn't give the required 10 days notice      union unit union Thank you. Thank you . Thank you . Thank you . Come our brief. Thank you . They have other forms of leave. This contract, for example, says you can't require people to work more than five days at a time. What do you do in a situation where a couple of workers say, we want funeral leave on the same day or to go to the same funeral, and the hospital says you can't do it, for some arguably sound basis in the contract, they go to the union and the union says you can and then they take off. The union has encouraged it. And that's why you have to look to the contract to see whether in that funeral leave section, it's not a waiver of the AG notice. It's a waiver of the party's – a waiver of the concept that the refusal to work because you're going on funeral leave is a concerted refusal to work. Here, we go back to the simple proposition that AG says you've got to give the notice. AD says you've got to give the notice. But whether this is a concerted refusal to work – I perhaps should focus on refusal to work because it's voluntary – is a matter that requires looking to what the parties understood when they wrote the contract and agreed to it. We think the parties understood that there would be times when groups of workers, two or three or four, would all refuse over time, and that that wouldn't be considered a refusal, a concerted refusal, a refusal to work, a breach of the no-strike clause, that workers could do that in consultation with the union. We think it was contemplated that groups of workers could go to a union meeting and say, because we've got a union meeting, and all I'm – and my point is very simple, that if that's correct, then the board has to at least make the effort – Judge Sotomayor, you sort of hit the language – to look at the contract, and they refuse to do that, and that's inconsistent with metropolitan medicine and inconsistent with city disposal. They have to at least acknowledge the contract. Thank you. Thank you. The case just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned.
judges: Goodwin, Schroeder, Hawkins